```
                         United States Bankruptcy Court
                         Middle District of Pennsylvania
In re:                                                          Case No. 12-02569-RNO
Garry L Meredith                                                Chapter 13
Rita M Meredith
        Debtors                  CERTIFICATE OF NOTICE
District/off: 0314-1          User: CGambini               Page 1 of 1         Date Rcvd: Jun 13, 2017
                              Form ID: 3180W               Total Noticed: 17
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 15, 2017.
```
db/jdb         +Garry L Meredith,    Rita M Meredith,    1107 Fishing Creek Valley Rd,
                 Harrisburg, PA 17112-9234
cr             +BENEFICIAL CONSUMER DISCOUNT COMPANY,     14841 Dallas Parkway, Suite 300,
                 Dallas, TX 75254-7883
4097161        +Bank of America,    P O Box 15222,    Wilmington, DE 19850-5222
4097163        +Capital Area Tax Collection Bureau,     425 Prince Street,    Harrisburg, PA 17109-3054
4097164        +Columbia House DVD,    c/o Trident Asset Management,     P O Box 888424,    Atlanta, GA 30356-0424
4097165        +Columbus Bank and Trust,    c/o SST/NCO Financial Systems,     4315 Pickett Rd,
                 Saint Joseph, MO 64503-1600
4277046         Dauphin County Tax Claim Bureau,     P. O. Box 1295,    Harrisburg, PA  17108-1295
4097167        +Northwest Consumer Discount,     PO Box 985,    Camp Hill, PA 17001-0985
4097169        +Penn State Hershey Medical,     c/o Bureau of Account Mgmt,     3607 Rosemont Ave, Ste 502,
                 Camp Hill, PA 17011-6943
4097170        +Penn State Hershey Medical Center,     c/o Bureau of Account Management,
                 3607 Rosemont Ave, Ste 502,    Camp Hill, PA 17011-6943
4097171        +Tanya Pomeroy,Tax Collector,    1140 Victor Ln,    Dauphin, PA 17018-9639
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
4179414        +EDI: BANKAMER.COM Jun 13 2017 19:08:00      Bank of America, N.A.,    7105 Corporate Drive,
                 Plano, TX 75024-4100
4097162         EDI: HFC.COM Jun 13 2017 19:08:00      Beneficial,    P O Box 5233,    Carol Stream, IL 60197-5233
4097166        +EDI: HFC.COM Jun 13 2017 19:08:00      HSBC Bank,    PO Box 5253,    Carol Stream, IL 60197-5253
4136977        +EDI: HFC.COM Jun 13 2017 19:08:00      HSBC Mortgage Services Inc,     P.O. Box 21188,
                 Eagan, Minnesota 55121-0188
4097168         E-mail/Text: blegal@phfa.org Jun 13 2017 19:15:39       PA Housing Finance Agency,
                 P O Box 15206,    Harrisburg, PA 17105-5206
4160495         E-mail/Text: blegal@phfa.org Jun 13 2017 19:15:39       PHFA-HEMAP,    211 NORTH FRONT ST,
                 PO BOX 8029,    HARRISBURG,PA 17105
                                                                                              TOTAL: 6

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 15, 2017                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 13, 2017 at the address(es) listed below:
```
              Charles J. DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
              James Warmbrodt    on behalf of Creditor    The Bank of New York Mellon Trust Company,N.A. FKA The
               Bank of New York TrustCompany,N.A.as successor to JPMorgan Chase Bank, N.A.,as Trustee for
               ResidentialAsset Mortgage Products, Inc., Mortgage Ass bkgroup@kmllawgroup.com
              James H Turner    on behalf of Joint Debtor Rita M Meredith pat@turnerandoconnell.com
              James H Turner    on behalf of Debtor Garry L Meredith pat@turnerandoconnell.com
              Jerome B Blank    on behalf of Creditor    BANK OF AMERICA, N.A. pamb@fedphe.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                              TOTAL: 6
```

Information to identify the case:

| | | |
|---|---|---|
| Debtor 1 | **Garry L Meredith** | Social Security number or ITIN    **xxx–xx–9781** |
| | First Name    Middle Name    Last Name | EIN    _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Rita M Meredith** | Social Security number or ITIN    **xxx–xx–8447** |
| | First Name    Middle Name    Last Name | EIN    _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court    **Middle District of Pennsylvania** | | |
| Case number:    **1:12–bk–02569–RNO** | | |

# Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Garry L Meredith                                             Rita M Meredith

**By the court:**

June 13, 2017

Honorable Robert N. Opel
United States Bankruptcy Judge

By: CGambini, Deputy Clerk

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**